**CT Corporation**

**TO:** Kathy Smith
Arcelormittal USA LLC
1 South Dearborn, 19th Floor
Chicago, IL 60603

**RE:** **Process Served in Indiana**

**FOR:** Arcelormittal Burns Harbor LLC  (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | MILORAD TRIFUNOVIC, Pltf. vs. Arcelormittal Burns Harbor LLC, Dft. |
| **DOCUMENT(S) SERVED:** | Letter, Summons, Complaint, Attachments |
| **COURT/AGENCY:** | Porter County Circuit Court, IN<br>Case # NONE |
| **NATURE OF ACTION:** | Personal Injury - Failure to Maintain Premises in a Safe Condition - On or about 04/10/2017 |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Indianapolis, IN |
| **DATE AND HOUR OF SERVICE:** | By Certified Mail on 04/08/2019 postmarked on 04/04/2019 |
| **JURISDICTION SERVED :** | Indiana |
| **APPEARANCE OR ANSWER DUE:** | Within 20 days commencing the day after this summons and complaint |
| **ATTORNEY(S) / SENDER(S):** | Michael J. Jasaitis<br>Austgen Kuiper Jasaitis P.C.<br>130 North Main Street<br>Crown Point, IN 46307<br>219-663-5600 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 04/08/2019, Expected Purge Date: 04/13/2019 |
| | Image SOP |
| | Email Notification,  Kathy Smith  Kathy.Smith@arcelormittal.com |
| | Email Notification,  Angie Gomez  Angie.Gomez@arcelormittal.com |
| | Email Notification,  Krista Wilhelm  krista.wilhelm@arcelormittal.com |
| **SIGNED:** | C T Corporation System |
| **ADDRESS:** | 150 West Market Street<br>Suite 800<br>Indianapolis, IN 46204 |
| **TELEPHONE:** | 312-345-4336 |

Page 1 of  1 / FA

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

**CERTIFIED MAIL**

AUSTGEN KUIPER JASAI
ATTORNEYS AT LA

130 NORTH MAIN STREET
CROWN POINT, IN 46307

7018 2290 0000 5582 6665

Hasler
04/04/2019
US POSTAGE $006.95⁰



FIRST-CLASS MAIL

ZIP 46307
011E11675076

ARCELORMITTAL BURNS HARBOR LLC
c/o: Registered Agent
CT CORPORATION SYSTEM
150 West Market Street, Suite 800
Indianapolis, IN 46204

46204-281400

STATE OF INDIANA              )          IN THE CIRCUIT/SUPERIOR COURT
                                ) SS:

COUNTY OF PORTER         )

| | | |
|---|---|---|
| MILORAD TRIFUNOVIC | ) | |
| Plaintiff, | ) | |
| vs. | ) | CAUSE NO.: |
| ARCELORMITTAL BURNS HARBOR LLC | ) | |
| Defendant. | ) | |

## APPEARANCE BY ATTORNEY IN CIVIL CASE

**Party Classification:**  Initiating / X /   Responding / /    Intervening / /

1.    The undersigned attorney and all attorneys listed on this form now appear in this case for the following party members(s):

### PLAINTIFF:  MILORAD TRIFUNOVIC

2.    Applicable attorney information for service as required by Trial Rule 5(B)(2) and for case information as required by Trial Rules 3.1 and 77(B) is a follows:

Name:      Michael J. Jasaitis             Atty. No.: 22408-64
Address:   Austgen Kuiper Jasaitis P.C.     Phone: (219) 663-5600
             130 North Main Street         Fax:   (219) 662-3519
             Crown Point, IN 46307

3.    There are other party members: Yes / /     No / x /

4.    *If first initiating party filing this case,* the Clerk is requested to assign this case the following Case Type under Administrative Rule 8(b)(3):

5.    I will accept service by FAX at the above noted number: Yes / x /    No / /

6.    This case involves support issues:    Yes / /    No / x /
    *(If yes, supply social security numbers for all family members on continuation page.)*

7.    There are related cases: Yes / /    No / x /
    *(If yes, list on continuation page.)*

8.    This form has been served on all other parties.  Certificate of Service is attached:
    Yes / x /         No / /

9.    Additional information required by local rule:

                             /s/ Michael J. Jasaitis
                               Michael J. Jasaitis

**APPEARANCE FORMAT -- CONTINUATION PAGE (Civil Case for Use by Attorney)**

**Cause Number:**

First Listed Party Member: __**MILORAD TRIFUNOVIC**_____

Continuation of Item 2 (Attorney information for party member, as applicable):

Name:___Ryan A. Deutmeyer_____    Atty. Number: _31945-64_____
Address: _AUSTGEN KUIPER JASAITIS P.C._ Phone: __(219) 663-5600_____
_____130 North Main Street_____    FAX: ___(219) 662-3519_____
_____Crown Point, IN 46307_____    Computer Address: rdeutmeyer@austgenlaw.com

Name: _____    Atty. Number: _____
Address: _____    Phone: _____
_____    FAX: _____
_____    Computer Address: _____

Continuation of Item 3 (Other party members not represented by this Attorney)

_____

_____

Continuation of Item 6 (Social Security numbers of all family members in cases involving support):

Name: _____    SSN: _____
Name: _____    SSN: _____
Name: _____    SSN: _____

Continuation of Item 7 (Caption and case number of related cases):

Caption: _____    Cause Number: _____
Caption: _____    Cause Number: _____
Caption: _____    Cause Number: _____

| | | |
|---|---|---|
| STATE OF INDIANA | ) | IN THE PORTER CIRCUIT / SUPERIOR COURT |
| | ) SS: | |
| COUNTY OF PORTER | ) | |

| | | |
|---|---|---|
| MILORAD TRIFUNOVIC, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Cause No. |
| ARCELORMITTAL BURNS HARBOR LLC, | ) | |
| Defendant. | ) | |

# SUMMONS

THE STATE OF INDIANA TO THE DEFENDANT:     ARCELORMITTAL BURNS HARBOR LLC
c/o: Registered Agent
CT CORPORATION SYSTEM
150 West Market Street, Suite 800
Indianapolis, IN 46204

You have been sued by the person(s) identified as "Plaintiff" in the Court stated above.

The nature of the suit against you is stated in the COMPLAINT which is attached to this SUMMONS. It also states the demand which the Plaintiff has made against you.

You must either personally or by your attorney file your written answer to the COMPLAINT with the Clerk within twenty (20) days commencing the day after this SUMMONS and the COMPLAINT were personally served upon you or your agent or left for you by the Sheriff or other process server.

In the event the SUMMONS and COMPLAINT were left for you and you then receive by first class mail (not certified) a copy of the SUMMONS alone, this mailing is merely a confirmation that the SUMMONS and COMPLAINT were previously left for you. You should not consider the date on which you receive the mailed SUMMONS as the commencement date for the time period allowed for your answer. Rather, the time period allowed for your written answer commences on the date when the SUMMONS and COMPLAINT were first personally served upon you or your agent or left for you by the Sheriff or other process server.

However, if you or your agent first received the SUMMONS and the COMPLAINT by certified mail, you have twenty-three (23) days from the date of receipt to file your written answer with the Clerk.

If you fail to answer the COMPLAINT of the Plaintiff within the times prescribed herein, judgment will be entered against you for what the Plaintiff has demanded.

If you have a claim against the Plaintiff arising from the same transaction or occurrence, you may be required to assert such claim in writing together with your written answer.

The following manner of service is hereby designated: **CERTIFIED MAIL**

Date: _____

Attorneys for Plaintiff:
Michael J. Jasaitis; 22408-64
Ryan A. Deutmeyer; 31945-64
AUSTGEN KUIPER JASAITIS P.C.
130 North Main Street
Crown Point, Indiana 46307
Tel. No.: (219) 663-5600

JESSICA A. BAILEY

CLERK OF THE PORTER CIRCUIT & SUPERIOR COURTS

By: _____
        Deputy Clerk

## CLERK'S CERTIFICATE OF MAILING

I hereby certify that on the _____ day of _____, 2019, I mailed a copy of this SUMMONS and a copy of the COMPLAINT to the Defendant, _____, by _____ mail, requesting a return receipt, at the address furnished by the Plaintiff.

JESSICA A. BAILEY
CLERK OF THE PORTER CIRCUIT AND SUPERIOR COURTS

Dated: _____, 2019.           By: _____

Deputy Clerk

## RETURN ON SERVICE OF SUMMONS BY MAIL

I hereby certify that the attached return receipt was received by me showing that the SUMMONS and a copy of the COMPLAINT mailed to Defendant _____ was accepted by the Defendant on the _____ day of _____, 2019.

I hereby certify that the attached return receipt was received by me showing that the SUMMONS and a copy of the COMPLAINT was returned not accepted on the _____ day of _____, 2019.

JESSICA A. BAILEY
CLERK OF THE PORTER CIRCUIT AND SUPERIOR COURTS

Dated: _____, 2019.           By: _____

Deputy Clerk

## RETURN ON SERVICE OF SUMMONS BY SHERIFF

I hereby certify that I have served the within SUMMONS:

1.      By delivering on _____, 2019, a copy of this SUMMONS, a copy of the COMPLAINT and all other materials filed the same date to each of the within named person(s).

2.      By leaving on _____, 2019, for each of the within named person(s) _____ a copy of the SUMMONS, a copy of the COMPLAINT and all other materials filed the same date at the respective dwelling house or usual place of abode of _____ in _____, Indiana, with a person of suitable age and discretion residing within, whose usual duties or activities include prompt communication of such information to the person served, or by otherwise leaving such process thereat, and by mailing a copy of the SUMMONS without the COMPLAINT to the said named person(s) at the address listed herein.

3.      This SUMMONS came to hand this date, _____, 2019. The within named _____ was not found in my bailiwick this date, _____, 2019.

ALL DONE IN PORTER COUNTY, INDIANA.
DAVID REYNOLDS
SHERIFF OF PORTER COUNTY, INDIANA

By: _____

## SERVICE ACKNOWLEDGED

A copy of the within SUMMONS, a copy of the COMPLAINT and all materials filed the same dated attached thereto were received by me at _____ in _____, Indiana, on this date, _____, 2019.

_____
Signature of Defendant

2

| | | |
|---|---|---|
| STATE OF INDIANA | ) | IN THE PORTER CIRCUIT / SUPERIOR COURT |
| | ) SS: | |
| COUNTY OF PORTER | ) | SITTING AT _____, INDIANA |

| | | |
|---|---|---|
| MILORAD TRIFUNOVIC, | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CAUSE NO.: |
| | ) | |
| ARCELORMITTAL BURNS HARBOR LLC, | ) | **TRIAL BY JURY DEMANDED** |
| Defendant. | ) | |
| | ) | |
| | ) | |

## COMPLAINT

Comes now the Plaintiff, **Milorad Trifunovic**, by Counsel, AUSTGEN KUIPER JASAITIS P.C., by Attorneys Michael J. Jasaitis and Ryan A. Deutmeyer, and for their Complaint against Defendant, **ArcelorMittal Burns Harbor LLC,** states and alleges as follows:

## COUNT I

1.     That Plaintiff, **Milorad Trifunovic,** is an individual residing in Lake County, Indiana, and at all relevant times, has been a resident of Lake County, Indiana.

2.     That at all times relevant and to the best of Plaintiff's knowledge and belief, the Defendant, **ArcelorMittal Burns Harbor LLC** (hereinafter "Arcelor"), is and was a foreign limited liability company that controlled, owned, operated, managed, inspected, repaired, and/or maintained the premises at its steel plant located in Burns Harbor, Porter County, Indiana, located generally on or around 250 US-12, Burns Harbor, IN 46304 (hereinafter "Premises").

3.     That at all times relevant and to the best of Plaintiff's knowledge and belief, the Defendant, **Arcelor,** and by and through its employees, agents and representatives, had the responsibility and duty for, among other things: Premises inspections, management, repair, and maintenance, safety on the Premises, the safety and protection of others, including invitees, on

the Premises; providing a safe work place; enforcement of safety and safe work practices; and warning and remediation of any dangerous conditions on the Premises.

4.      That at all times hereinafter mentioned, the events giving rise to the injuries and damages caused by the Defendant **Arcelor** and suffered by the Plaintiff occurred at or around the Premises, located in Porter County, Indiana.

5.      That on or about April 10, 2017, the Plaintiff, **Milorad Trifunovic**, was performing work at the Premises as a contractor and/or an invitee of the Defendant **Arcelor**.

6.      That on or about April 10, 2017 (and before), the Defendant **Arcelor** owed Plaintiff **Milorad Trifunovic** and others on the Premises a duty to exercise reasonable care in providing for safety on the Premises, including, but not limited to, the safety and protection of individuals, contractors and/or invitees on the Premises.

7.      That on or about April 10, 2017 (and before), the Defendant **Arcelor** owed Plaintiff **Milorad Trifunovic** and others on the Premises a duty to use reasonable care related to the supervision, operation, possession, management, maintenance, inspection, ownership, control and/or repair of the Premises.

8.      That on or about April 10, 2017 (and before), the Defendant **Arcelor** owed Plaintiff **Milorad Trifunovic** and others on the Premises a duty to exercise reasonable care in warning of any hazardous or dangerous conditions on the Premises, creating safe work practices, enforcing safe work practices, remediating any dangerous or hazardous conditions existing on the Premises, and complying with OSHA and State, Federal and industry safety standards.

9.      That on or about April 10, 2017 (and before), the Defendant **Arcelor** owed Plaintiff **Milorad Trifunovic** and others on the Premises a duty to exercise reasonable care in performing appropriate and adequate inspections of the Premises, in providing for the safety of

2

workers, in providing a safe work place, and in implementing safe and proper procedures, including those for loading.

10.     That on or about April 10, 2017 (and before), the Defendant **Arcelor** owed Plaintiff **Milorad Trifunovic** and others on the Premises a duty to implement policies, procedures and training to ensure the safety of Plaintiff **Milorad Trifunovic** and others upon the Premises, and to properly train and supervise its employees and agents.

11.     That on or about April 10, 2017 (and before), the Defendant **Arcelor** owed Plaintiff **Milorad Trifunovic** and others on the Premises a duty to otherwise exercise the same care that a reasonably prudent person would use under substantially similar or the same circumstances.

12.     That on or about April 10, 2017 the Defendant **Arcelor** breached its duties and was negligent and/or grossly negligent and/or willful and wanton, and acted and/or failed to act in a reasonable manner, which proximately caused severe and permanent injuries to Plaintiff **Milorad Trifunovic**.

13.     That on or about April 10, 2017, due to the negligence and/or gross negligence and/or willful and wonton acts or omissions of the Defendant, **Arcelor**, the Plaintiff **Milorad Trifunovic** was caused to be thrown into the air and sustain a violent and hard fall, and as a result, Plaintiff **Milorad Trifunovic** suffered severe and permanent injuries.

14.     That additionally, pursuant to the doctrine of res ipsa loquitor, the Defendant, **Arcelor**, and by its representatives, employees, and agents, was the direct and proximate cause of damages to the Plaintiff **Milorad Trifunovic.**

15.     That due to the negligence and/or gross negligence and/or willful and wonton acts or omissions of the Defendant, **Arcelor**, the Plaintiff **Milorad Trifunovic** suffered permanent and severe personal injuries and pain and suffering, has incurred hospital, diagnostic, therapeutic,

3

pharmaceutical, and other medical expenses to date and may continue to incur additional hospital, diagnostic, therapeutic, pharmaceutical, and other medical expenses in the foreseeable future, suffered and will continue to suffer physical pain, mental and emotional suffering, terror, fright, humiliation, and loss of enjoyment of life, has lost earnings from his employment and sustained an impairment of his ability to earn wages in the future, and has sustained other permanent injuries and damages of a personal and pecuniary nature.

**WHEREFORE**, the Plaintiff, **Milorad Trifunovic**, by Counsel, Michael J. Jasaitis and Ryan A. Deutmeyer, respectfully demands judgment against the Defendant **ArcelorMittal Burns Harbor LLC,** for compensatory, punitive and other damages to be proven at trial, costs of this action, and for all other just and proper relief in the premises.

Respectfully submitted,

/s/Michael J. Jasaitis
Michael J. Jasaitis, #22408-64

/s /Ryan A. Deutmeyer
Ryan A. Deutmeyer, #31945-64
AUSTGEN KUIPER JASAITIS P.C.
130 North Main Street
Crown Point, IN 46307
Phone: (219) 663-5600
Fax: (219) 662-3519
Attorneys for Plaintiff

4

## JURY DEMAND

Plaintiffs, by Counsel, demand trial by jury on their Complaint.

/s/Michael J. Jasaitis
Michael J. Jasaitis, #22408-64

/s/Ryan A. Deutmeyer
Ryan A. Deutmeyer, #31945-64
AUSTGEN KUIPER JASAITIS P.C.
130 North Main Street
Crown Point, IN 46307
Phone: (219) 663-5600
Fax: (219) 662-3519
Attorneys for Plaintiff

5